**IN THE COURT OF APPEALS OF IOWA**

No. 16-0793
Filed July 27, 2016

**IN THE INTEREST OF I.S.,**
**Minor child,**

**Q.S., Father,**
Appellant.

_____

Appeal from the Iowa District Court for Cerro Gordo County, Annette L. Boehlje, District Associate Judge.

A father appeals removal, adjudication, and disposition orders with respect to his child. **AFFIRMED IN PART AND REVERSED IN PART.**

Michael J. Moeller of Sorenson & Moeller Law Office, Clear Lake, for appellant father.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Crystal L. Ely, North Iowa Youth Law Center, Mason City, for minor child.

Considered by Danilson, C.J., and Vaitheswaran and Tabor, JJ.

**VAITHESWARAN, Judge.**

A father appeals removal, adjudication, and disposition orders with respect to his child, born in 2008. He contends the district court should not have found the child to be in need of assistance or ordered the child's "continued removal" from his care. On our de novo review, we disagree.

The facts leading up to the filing of the child-in-need-of-assistance petition are essentially undisputed. The child's mother was a licensed day care provider who had a toddler in her care. One day, the toddler started bleeding profusely from her vagina. It was determined that someone had inserted something, resulting in "positive physical findings of an injury to her vaginal area." The only adults in the home were the mother and father. Their child who is the subject of this proceeding was also in the home.

The department of human services sought immediate removal of the parents' child. The district court granted the application and ordered the child placed in foster care. The department began an investigation that resulted in founded child abuse reports against the mother based on the toddler incident. Later, police executed a search warrant on the home that uncovered drug paraphernalia in the basement. A child abuse report was issued against the father for failure to supervise his child.

The district court adjudicated the child in need of assistance over the father's objection. Following a dispositional hearing, the court ordered the adjudication to continue, with the child remaining in the department's custody for placement with a relative. The child was transferred to the home of her maternal grandmother. The father appealed.

As noted, the father appears to challenge the removal orders. That challenge is moot. *See In re A.M.H.*, 516 N.W.2d 867, 871 (Iowa 1994). Custody of the child was transferred to the department and any error in the temporary orders cannot now be remedied. *Id.* Accordingly, we confine our analysis to the adjudicatory and dispositional orders.

The district court adjudicated the child in need of assistance pursuant to Iowa Code section 232.2(6)(b), (c)(2), (d) (2015). The father challenges the evidence under each of these provisions. Proof of any of the grounds would suffice to support the adjudication. *See In re D.T.*, 435 N.W.2d 323, 331 (Iowa 1989). But because the adjudication grounds could have legal implications in a future termination action, we address all three. *See In re J.S.*, 846 N.W.2d 36, 41 (Iowa 2014).

> The cited provisions define a child in need of assistance as a child:
>
> b. [w]hose parent, guardian, other custodian, or other member of the household in which the child resides has physically abused or neglected the child, or is imminently likely to abuse or neglect the child.
>
> c. [w]ho has suffered or is imminently likely to suffer harmful effects as a result of . . . (2) [t]he failure of the child's parent, guardian, custodian, or other member of the household in which the child resides to exercise a reasonable degree of care in supervising the child.
>
> d. [w]ho has been, or is imminently likely to be, sexually abused by the child's parent, guardian, custodian, or other member of the household in which the child resides.

Iowa Code § 232.2(6)(b), (c)(2), (d). It is undisputed that the father was living in the mother's home when the toddler for whom she was caring was abused. Additionally, although his child was in the home, the State did not assert she was

physically or sexually abused. Instead, the State focused on the "imminently likely" language of the provisions: whether the father was imminently likely to physically or sexually abuse his child in light of what happened to the toddler and whether his child was imminently likely to suffer the harmful effects of parental failures in supervision.

The Iowa Supreme Court addressed the phrase "imminently likely" in *J.S.*, a case involving parental addiction to methamphetamine. 846 N.W.2d at 42-43. The court acknowledged that "[c]ase law supports a liberal interpretation of the phrase . . . in the CINA context" and cited an opinion strikingly similar to the facts of this case—a child's vulnerability to sexual abuse based on possible parental contact with other children. *Id.* at 43. Although the court found "general statements about methamphetamine addiction" insufficient "by themselves to prove that a child is imminently likely to suffer physical harm," the court distinguished those types of statements from "specific prior instances of sexual or physical abuse committed by a caregiver." *Id.* at 42-43. The court reiterated, "we do not require neglect or physical or sexual abuse to be on the verge of happening before adjudicating a child as one in need of assistance." *Id.* at 43.

Turning to the evidence in this case, a department social worker testified that the father was a suspect in a criminal investigation of the toddler's abuse. She stated the investigation was pending at the time of the dispositional hearing and described her concern as follows:

> The biggest concern is we have a two-year-old child with a first degree sex abuse investigation that was severely hurt and harmed while in that home, and I don't know who sexually abused that child. So I think there will always be an ongoing concern about

children's safety with either [the father or mother] until we have some answers as to what happened to the two-year-old victim.

While the department did not issue a founded child abuse report against the father based on the toddler's abuse, the social worker emphasized that the child abuse assessment for sex abuse against the toddler was "ongoing."

This evidence supports the district court's finding that the father was imminently likely to physically or sexually abuse his child. Accordingly, we affirm the adjudication under section 232.2(6)(b) and (d).

We are less sanguine about the adjudication under section 232.2(6)(c)(2). The department social worker did not rely on the toddler's abuse to support adjudication under this provision. She testified this ground was based on the discovery of "illegal drug paraphernalia" in a rubber tote box in the basement of the home, two prescription pill bottles upstairs, and a drug test of the father that was positive for marijuana. However, she conceded the amount of marijuana detected in the drug test was small and the test could have reflected usage much earlier. Notably, the father introduced evidence of a separate drug test result that was negative for the presence of drugs.

We conclude there is less than clear and convincing evidence that the father's child was imminently likely to experience harmful effects as a result of the father's failure to supervise, where that failure was premised on the discovery of drug paraphernalia in a closed tote in the basement and a dated positive drug test. *See In re J.S.,* 846 N.W.2d at 37 (concluding "a parent's methamphetamine *addiction* by itself can result in 'harmful effect[s]' to the child, hereby justifying

state intervention to protect the child.") (emphasis added). Accordingly, adjudication was not warranted under section 232.2(6)(c)(2).

We are left with the father's challenge to the dispositional order continuing custody of the child with the department. The father argues "it is in the minor child's best interest to be in [his] care as there is no evidence that [he] did anything to precipitate this investigation." As discussed, the investigation of the toddler's sex abuse was pending at the time of the dispositional hearing. Accordingly, the district court appropriately declined to change custody.

We affirm the district court's adjudication of the child as in need of assistance under section 232.2(6)(b) and (d). We also affirm the dispositional order continuing custody of the child with the department. We reverse the adjudication under section 232.2(6)(c)(2).

**AFFIRMED IN PART AND REVERSED IN PART.**